UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELDIN GUZMAN-CONTRERAS** | : | **DOCKET NO. 2:23-CV-01221** |
| **REG. # 47239-308** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **F. MARTINEZ, WARDEN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Eldin Guzman-Contreras. Doc. 1. Guzman-Contreras is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Guzman-Contreras contends that the Bureau of Prisons ("BOP") has not applied his earned First Step Act ("FSA") credits to his sentence, despite the fact that he does not have a final order of deportation. Doc. 1, p. 1.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Law and Application*

Petitioner complains that he has been denied the application of his time credits, despite the fact that he does not have a final order of deportation. However, the evidence attached to his petition belies his claim. Petitioner submits as an exhibit to his petition a copy of his FSA Time Credit Assessment as of July 30, 2023, which demonstrates that 360 days of FSA Time Credit has been applied towards his release. Doc. 1, att. 2, p. 13.

Therefore, Petitioner's claims that the BOP has failed to apply his FSA Time Credits should be dismissed as moot. *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("A moot

case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."); *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) ("Although an action is not moot simply because a § 2241 petitioner is no longer in custody ... an action is moot when the court cannot grant the relief requested by the moving party.") (internal citations omitted).

### III.
### CONCLUSION

For the reasons stated above,

**IT IS RECOMMENDED** that the petition be **DISMISSED as MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE